## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>           *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>           *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 25-cv-2197<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1.     Plaintiff American Oversight brings this action against the U.S. Department of Justice (DOJ) seeking information about the activities of Principal Associate Deputy Attorney General Emil Bove, a senior DOJ official who previously served as President Trump's criminal defense attorney and is Trump's nominee to serve as a judge on the Third Circuit Court of Appeals. Over the past six months, information has come to light suggesting that Mr. Bove may have violated his ethical obligations and acted to defy the Constitution and the rule of law, including, most recently, reports that he encouraged other DOJ attorneys to defy court orders. The U.S. Senate may vote on Mr. Bove's judicial nomination in mere weeks, as soon as the end of this month. American Oversight brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA with respect to several FOIA requests seeking information that could shed light on Mr. Bove's official activities.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.    Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.    Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and requests for public records under FOIA, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.    Defendant the U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and other DOJ components.

The Executive Office for United States Attorneys (EOUSA) is also a component of DOJ, and processes FOIA requests on its own behalf. DOJ and its components have possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.    Emil Bove is President Trump's former criminal defense attorney who currently serves as Principal Associate Deputy Attorney General and is a nominee for a federal judgeship on the Third Circuit Court of Appeals.[1]

8.    The Senate is expected to vote on Mr. Bove's nomination by late July 2025. A scheduled Senate Judiciary Committee vote on Mr. Bove's nomination could occur as early as July 17, 2025.[2]

9.    On January 27, 2025, Mr. Bove signed a memorandum transferring decision-making authority over sensitive matters at DOJ—including ethics, employee discipline, and release of information sought by inspectors general and Congress—from senior career officials to political appointees. One of these political appointees is "a former criminal defense lawyer for President Donald Trump" and the other is "a 2021 law school graduate."[3]

---

[1] *See* Alanna Durkin Richer, *Ex-Trump Defense Lawyer Emil Bove, a Top Justice Department Official, Is Picked to Be Federal Judge*, AP (updated May 28, 2025, 8:16 PM), https://apnews.com/article/emil-bove-appeals-court-judge-nomination-trump-3b29a354b2c197fd26a898c02f1f40eb.

[2] U.S. Senate Committee on the Judiciary, Executive Business Meeting, https://www.judiciary.senate.gov/committee-activity/hearings/executive-business-meeting-07-10-2025. The July 10 Executive Business meeting page states that Mr. Bove's nomination has been "HELD pursuant to Committee Rule I.3," which states that a nomination "may be held over until the next meeting of the Committee or for one week, whichever occurs later." Comm. R. I.3, Senate Judiciary Comm., https://www.judiciary.senate.gov/about/committee/rules.

[3] Ben Penn, *Trump DOJ Assigns Sensitive Ethics Powers to Political Aides*, Bloomberg Law (Updated Feb. 16, 2025, 6:39 PM), https://news.bloomberglaw.com/us-law-week/trump-doj-delegates-sensitive-ethics-powers-to-political-aides.

10.    Mr. Bove also reportedly forced transfers of top nonpolitical DOJ officials whom he deemed insufficiently supportive of President Trump's agenda.[4]

11.    Mr. Bove oversaw the firings of Justice Department January 6 Capitol riot prosecutors in the U.S. Attorney's office in Washington, D.C.[5]

12.    Upon information and belief, Mr. Bove told attendees of a January 29, 2025 meeting that he had received multiple calls from Stephen Miller the previous evening, who was pressuring Mr. Bove on behalf of then-nominee for FBI Director Kash Patel to remove targeted FBI employees quickly as DOJ had already done with January 6 Capitol riot prosecutors.[6]

13.    At the time, Mr. Patel was a private citizen and not part of the federal government. Thus, Mr. Bove may have fired those "career civil servants 'solely at the behest of a private citizen.'"[7]

14.    Mr. Bove also reportedly demanded that the FBI provide the names of all the FBI agents assigned to investigate the January 6 Capitol riot, accusing FBI leadership of insubordination when they refused.[8]

15.    Mr. Bove was also involved in the recent dismissal of criminal corruption charges against New York City Mayor Eric Adams.

---

[4] Glenn Thrush *et al*., *At Justice Dept., Trump's Former Criminal Defender Emerges as His Enforcer*, N.Y. Times, updated Feb. 13, 2025, https://www.nytimes.com/2025/02/07/us/politics/emil-bove-justice-fbi-trump-bondi.html.
[5] *See id*.
[6] *See* Charlie Savage, *Senator Accuses F.B.I. Nominee of Covertly Directing Dismissals*, N.Y. Times (Feb. 11, 2025), https://www.nytimes.com/2025/02/11/us/politics/kash-patel-fbi-durbin.html.
[7] *Id*.
[8] Josh Gerstein, *Justice Department Official Defends Demand for FBI Agent Names, Cites 'Insubordination*,' Politico (Feb. 5, 2025), https://www.politico.com/news/2025/02/05/justice-department-memo-fbi-insubordination-00202655.

16.    In a meeting on January 31, 2025, Mr. Bove and Mayor Adams's legal counsel allegedly discussed an apparent *quid pro quo* arrangement in which DOJ would dismiss the indictments against Mayor Adams in exchange for the Mr. Adams' cooperation with implementing Trump's mass deportation policy.[9]

17.    Mr. Bove reportedly admonished U.S. Attorneys who were present in that meeting for taking notes and directed the collection of all such notes at the meeting's conclusion.[10]

18.    On February 10, 2025, Mr. Bove ordered federal prosecutors to drop corruption charges against Mayor Adams.[11]

19.    Shortly thereafter, Acting U.S. Attorney Danielle Sassoon resigned in protest of Mr. Bove's order, along with at least five other top DOJ officials.[12]

20.    In mid-March 2025, about a month after Mr. Bove ordered the dismissal of the corruption charges against Mayor Adams, the White House approached Mr. Bove about his filling a federal judgeship.[13]

---

[9] William K. Rashbaum *et al.*, *Push to Drop Adams Charges Reveals a Justice Dept. Under Trump's Sway*, N.Y. Times, (updated Feb. 14, 2025), https://www.nytimes.com/2025/02/10/nyregion/eric-adams-charges-doj-trump.html; *see also* Larry Neumeister et al., *Order to Drop New York Mayor Adams' Case Roils Justice Department as High-Ranking Officials Resign*, AP (updated Feb. 13, 2025, 8:55 PM), https://apnews.com/article/new-york-city-us-attorney-0395055315864924a3a5cc9a808f76fd.
[10] *See* Letter from Danielle R. Sassoon to Attorney General Pamela Jo Bondi on *United States v. Eric Adams, 24 Cr. 556 (DEH)*, at n. 1 (Feb. 12, 2025), https://www.presidency.ucsb.edu/documents/letter-from-us-attorney-for-the-southern-district-new-york-danielle-sassoon-attorney.
[11] *See* Neumeister *et al.*, *supra* note 9.
[12] *See id.*
[13] *See* Tiana Headley, *White House Asked Bove About Judgeship After Adams Uproar* (updated June 23, 2025, 5:58PM), https://news.bloomberglaw.com/us-law-week/democrats-seek-doj-records-of-third-circuit-nominee-emil-bove.

*Bove's Defiance of Court Orders*

21.     On March 14, 2025, Mr. Bove, Counselor to the Deputy Attorney General James McHenry, and Associate Deputy Attorney General Paul Perkins summoned attorneys in the DOJ's Office of Immigration Litigation (OIL)—including then-Acting Deputy Director of OIL, Erez Reuveni—to a meeting. See Ex A. at 7 (June 24, 2025 Whistleblower Disclosures).

22.     Upon information and belief, in the meeting, Mr. Bove told the OIL attorneys that one or more planes containing individuals being removed under the Alien Enemies Act of 1798, 50 U.S.C. § 21 (AEA), would be taking off over the weekend "no matter what." *Id*.

23.     Apparently anticipating the constitutional implications of summarily removing individuals from the United States without affording them due process (nor even "time . . . to settle affairs and depart," as required by 50 U.S.C. § 22), Mr. Bove also allegedly told the OIL attorneys in that meeting that they would need to consider ignoring any court orders that would enjoin removals of deported persons under the AEA. Ex. A at 7.

24.     The same day, President Trump issued a proclamation that a Venezuelan gang, Tren de Aragua, is "perpetrating, attempting, and threatening an invasion or predatory incursion" and "conducting irregular warfare against the territory of the United States both directly and at the direction, clandestine or otherwise, of the Maduro regime in Venezuela." Proclamation No. 10903 (the "Proclamation"), *Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua*, 90 Fed. Reg. 13033, 13034 § 1 (Mar. 14, 2025).

25.     The next day, on March 15, Venezuelans held by the Department of Homeland Security (DHS) in Texas were taken from their cells, shackled, and loaded onto planes. Mem. Op., *J.G.G. v. Trump*, No. CV 25-766 (JEB), 2025 WL 1577811, at *1 (D.D.C. June 4, 2025).

26.     Some of those individuals immediately sought emergency relief in this District. *See id.*

27.     Trump's Proclamation invoked the AEA to order the Attorney General and Secretary of Homeland Security to "apprehend, restrain, secure and remove" "all Venezuelan citizens 14 years of age or older who are members of [Tren de Aragua], [who] are within the United States, and are not actually naturalized or lawful permanent residents of the United States" as "Alien Enemies." 90 Fed. Reg. 13033 at §§ 1, 4.

28.     Congress has not declared war against Venezuela, nor is there any ongoing war between the U.S. and Venezuela, nor is Tren de Aragua a "foreign nation." 50 U.S.C. § 21.

29.     Trump's Proclamation further declares that "by virtue of their membership in [Tren de Aragua], [all such members are] chargeable with actual hostility against the United States and are therefore ineligible for the benefits of 50 U.S.C. [§] 22." 90 Fed. Reg. 13033 at § 1.

30.     None of the individuals detained by DHS and waiting on the tarmac in Texas were provided an opportunity to prove they were not, in fact, members of Tren de Aragua. *See J.G.G.,* 2025 WL 1577811, at *1.

31.     The planes waited on the tarmac for hours, and "many passengers aboard reportedly began to panic and beg officials for more information, but none was provided." *Id.*

32.     Meanwhile, the Honorable James E. Boasberg of the District Court for the District of Columbia granted the Venezuelan plaintiffs emergency relief and ordered the government "not to relinquish custody of the men." *Id.* at *2.

33.     Just as Mr. Bove had directed during the March 14 meeting, the government ignored the District Court's mandate.

34.     On the evening of March 15, the planes flew to Honduras, then to El Salvador, where the Venezuelan passengers were transferred to a mega-prison—notorious for torturing its prisoners—known as the Center for Terrorism Confinement (CECOT). *Id*. at *4.

35.     The Supreme Court subsequently held in two separate cases that such hurried removals violate the Fifth Amendment's Due Process Clause. *See Trump v. J.G.G*., 145 S. Ct. 1003, 1006 (2025) (per curiam); *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367–68 (2025).

36.     Because of its defiance of Judge Boasberg's March 15 order, the government is currently facing a contempt inquiry. *See* Order, *J.G.G. v. Trump*, No. CV-25-766 (JEB), 2025 WL 1119481 (D.D.C. Apr. 16, 2025), *appeal filed*, No. 25-5124, 2025 WL 1151208 (D.C. Cir. Apr. 17, 2025).

37.     On May 28, 2025, President Trump announced he was nominating Mr. Bove to serve as a judge on the Third Circuit Court of Appeals,[14] and the President formally submitted his nomination to the Senate on June 16, 2025.[15]

38.     On June 24, 2025, Mr. Reuveni, the former Acting Deputy Director of the OIL who served as lead counsel for the government in *J.G.G. v. Trump*, *supra*, and several other cases involving similar removals under Trump's Proclamation, and who was fired for refusing to be complicit in the government's defiance of court orders and misrepresentations to the court, *see* Ex. A at 25, filed a whistleblower complaint detailing evidence of misconduct by Mr. Bove, as well as others—including Joseph Mazzara, Acting General Counsel for the Department of Homeland

---

[14] *See* Erica Orden, *Trump Nominates Emil Bove, His DOJ Enforcer and Former Criminal Defense Lawyer, to Be a Federal Judge*, Politico (May 28, 2025, 8:27 PM), https://www.politico.com/news/2025/05/28/emil-bove-judge-nomination-trump-00373123.
[15] *PN346-2 – Emil J. Bove III – The Judiciary*, Congress.gov, https://www.congress.gov/nomination/119th-congress/346/2 (last accessed July 9, 2025).

Security.[16] *See* Ex. A. Mr. Reuveni's complaint detailed Mr. Bove's admonition at the March 14 meeting to ignore court orders that might enjoin the imminent removals of Venezuelans under the AEA.

39.     On June 25, 2025, the Senate Judiciary Committee held a hearing on Mr. Bove's judicial nomination, during which Mr. Bove, when asked about the allegations in Mr. Reuveni's whistleblower disclosures, said he did "not recall" if he had instructed federal prosecutors to defy court orders.[17]

*American Oversight's FOIA Requests*

40.     In February and March 2025, Plaintiff American Oversight submitted requests for records under the Freedom of Information Act (FOIA) from DOJ pertaining to Mr. Bove's official activities and communications.

*Miller/Patel Communications Request*

41.     On February 12, 2025, American Oversight submitted a FOIA request to OIP (internal tracking number DOJ-OIP-25-0324) seeking the following records:

1.  All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, all handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (a) Acting Deputy Attorney General Emil Bove, and/or anyone communicating on his behalf, such as a chief of staff, assistant, or secretary, and (b) White House Deputy Chief of Staff Stephen Miller.

---

[16] *See* Josh Gerstein et al., *Emil Bove, Now a Nominee to the Federal Bench, Proposed Defying Court Orders, Former DOJ Colleague Says,* Politico (June 24, 2025, 11:49 AM), https://www.politico.com/news/2025/06/24/emil-bove-court-orders-judge-nominee-00420717.

[17] *Bove Says He Doesn't Recall telling the Courts 'F\*\*k You,'* CNN (June 25, 2025), https://www.cnn.com/2025/06/25/politics/video/schiff-bove-f-you-fed-courts-whistleblower-digvid.

2.  All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, all handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) (a) <u>sent or received by</u> Acting Deputy Attorney General Emil Bove, and/or anyone communicating on his behalf, such as a chief of staff, assistant, or secretary, and (b) containing any of the key terms listed below.

<u>Key Terms</u>:
i.      Miller
ii.     Kash
iii.    Patel
iv.     KP
v.      Trishul
vi.     Kashyap

**Please provide all responsive records from January 20, 2025, through the date this request is received.**

42.    American Oversight asked that this request be processed on an expedited basis, and its request included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. Part 16.

43.    On February 14, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2025-02559. OIP also granted American Oversight's request for expedited processing.

44.    As of the date of this filing, American Oversight has not received any further communication from DOJ regarding this FOIA request.

*Jan. 31 Meeting Notes Request*

45.    On February 14, 2025, American Oversight submitted a FOIA request to DOJ OIP and EOUSA (internal tracking number DOJ-25-0369) seeking the following records:

10

All notes taken during a Jan. 31, 2025 meeting that included, at minimum, Acting Deputy Attorney General Emil Bove, former interim United States Attorney Danielle Sassoon, officials from the United States Attorney's Office for the Southern District of New York, and Eric Adams' counsel to discuss United States v. Eric Adams, 24 Cr. 556 (DEH).[18]

Given that this request is limited to a specific, recent, and readily identifiable document or documents, American Oversight expects that this request can be processed on the Simple processing track and result in a prompt agency response.

**Please provide all responsive records from January 31, 2025, through the date the search is conducted.**

46.     American Oversight asked that this request be processed on an expedited basis, and its request included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. Part 16.

47.     On February 14, 2025, EOUSA acknowledged receipt of the request and assigned the request tracking number EOUSA-2025-002190.

48.     On February 20, 2025, EOUSA again acknowledged receipt of the request, stated that American Oversight's request fell within "unusual circumstances," and said the agency would need the 10 additional days provided by statute to respond.

49.     On February 26, 2025, EOUSA granted American Oversight's request for expedited processing.

50.     On March 5, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2025-02616. OIP also granted American Oversight's request for expedited processing.

---

[18] For further identifying information, *see* Letter From Danielle R. Sassoon to Attorney General Bondi at 3 n.1, *Re: United States v. Eric Adams, 24 Cr. 556 (DEH)*, Feb. 12, 2025, https://static01.nyt.com/newsgraphics/documenttools/24535586a908999e/3801d435-full.pdf.

51.     As of the date of this filing, American Oversight has not received any further communication from DOJ regarding this FOIA request.

*Adams Email Communications Request*

52.     On February 21, 2025, American Oversight submitted a FOIA request to OIP (internal tracking number DOJ-25-0443) seeking the following records:

1.  All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between (a) any of the Department of Justice officials listed below, and (b) any of the external entities or individuals listed below or anyone communicating on their behalf (including, but not limited to, at the listed email addresses and domains).

    Department of Justice Officials:
    i.      Pam Bondi, Attorney General
    ii.     James McHenry, Former Acting Attorney General
    iii.    Emil Bove, Acting Deputy Attorney General
    iv.     Anyone serving as Chief of Staff to the Attorney General
    v.      Anyone serving as Senior Counselor to the Attorney General
    vi.     Anyone serving as Deputy Chief of Staff to the Attorney General
    vii.    Anyone serving as Chief of Staff to the Deputy Attorney General

    External Entities and Individuals:
    a.      Eric Adams
    b.      Camille Joseph Varlack

    For part 1 of this request, please note that American Oversight does not seek, and that this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. In other words, for example, if an official received a mass-distribution news clip email from the Office of the Mayor of New York City, that initial email would not be responsive to this request. However, if the official forwarded that email to another listed individual with commentary, that subsequent message would be responsive to this request and should be produced.

2.  All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed above in part 1 and containing any of the key terms listed below.

Key Terms:
a.    "Eric Adams"
b.    "NYC mayor"
c.    "NY mayor"
d.    "New York City mayor"
e.    "New York mayor"
f.    "mayor of NYC"
g.    "mayor of New York"
h.    Sassoon

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 2 of this request to emails <u>sent</u> by the specified individuals. However, American Oversight requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

**For both parts of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

53.    On February 21, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2025-02748. OIP also stated that American Oversight's request fell within "unusual circumstances," and said the agency would need the 10 additional days provided by statute to respond.

54.    On July 3, 2025, American Oversight asked that this request be processed on an expedited basis, and its request included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. Part 16.

55.    As of the date of this filing, American Oversight has not received any further communication from DOJ regarding this FOIA request.

*Resignation Communications Request*

56.    On February 28, 2025, American Oversight submitted a FOIA request to OIP (internal tracking number DOJ-25-0541) seeking the following records:

1. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the Department of Justice officials listed below <u>and</u> containing any of the key terms listed below.

   <u>Department of Justice Officials</u>:
   i.      Pam Bondi, Attorney General
   ii.     Emil Bove, Acting Deputy Attorney General
   iii.    Anyone serving as Chief of Staff to the Attorney General
   iv.     Anyone serving as Senior Counselor and/or Senior Advisor to the Attorney General
   v.      Anyone serving as Deputy Chief of Staff to the Attorney General
   vi.     Anyone serving as Chief of Staff to the Deputy Attorney General

   <u>Key Terms</u>:
   a.      resign*
   b.      "Public Integrity Section"
   c.      Driscoll
   d.      Keller
   e.      Heberle
   f.      "Jennifer Clarke"
   g.      Palmieri
   h.      Cheung
   i.      "Ed Sullivan"
   j.      "Edward Sullivan"
   k.      Bacon
   l.      Scotten

   Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "resign*" would return all of the following: resign, resigned, resignation, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

   In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited this request to emails <u>sent</u> by the specified individuals. However, American Oversight requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2. All text messages (including       complete text message       threads       or conversations) or messages on messaging platforms (such as Signal, Slack, GChat   or   Google   Hangouts,   Lync,   Skype,   X   (formerly   Twitter)

direct messages, Facebook messages, WhatsApp, Telegram, or Parler) <u>sent or received</u> by any of the Department of Justice officials listed below <u>and</u> containing any of the following key terms, also listed below.

<u>Department of Justice Officials</u>:
i.      Pam Bondi, Attorney General
ii.     Emil Bove, Acting Deputy Attorney General

<u>Key Terms</u>:
a.      resign*
b.      "Eric Adams"
c.      "E Adams"
d.      "E. Adams"
e.      "NYC mayor"
f.      "NY mayor"
g.      "New York City mayor"
h.      "New York mayor"
i.      "mayor of NYC"
j.      "mayor of New York"
k.      "mayor of NY"

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "resign*" would return all of the following: resign, resigned, resignation, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

For text messages or messages on other messaging platforms, American Oversight requests that full text message threads/conversations be produced. For example, if an official sent or received a text message containing any of the key terms listed above, the complete thread/conversation for the timeframe listed below should be produced, and not just the message containing the key term.

**For both parts of this request, please provide all responsive records from February 10, 2025, through February 21, 2025.**

57.     On March 27, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2025-02912. OIP also stated that American Oversight's request fell within "unusual circumstances," and said the agency would need the 10 additional days provided by statute to respond.

58.    On July 3, 2025, American Oversight asked that this request be processed on an

expedited basis, and its request included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1)

and 28 C.F.R. Part 16.

59.    As of the date of this filing, American Oversight has not received any further

communication from DOJ regarding this FOIA request.

*Politicization Communications Request*

60.    On March 7, 2025, American Oversight submitted a FOIA request to OIP (internal

tracking number DOJ-25-0602) seeking the following records:

1. All email communications (including emails, email attachments,
   complete email chains, and calendar invitations) sent by the DOJ
   officials specified below containing the key terms identified below:

   DOJ Officials
   a. Attorney General Pam Bondi
   b. Former Acting Attorney General James McHenry
   c. Acting Deputy Attorney General Emil Bove
   d. Anyone serving in the capacity of Chief of Staff to the acting or
      actual Attorney General
   e. Anyone serving in the capacity of Senior Advisor to the acting or
      actual Attorney General
   f. Jordan Fox, Chief of Staff to the Acting Deputy Attorney General
   g. Kendra Wharton, Associate Deputy Attorney General

   Key Terms
   1) Ethics
   2) Recusal
   3) Waiver
   4) Delegation
   5) Delegated
   6) "Inspector General"
   7) "Inspectors General"
   8) IG
   9) OIG
   10) "Employee Discipline"
   11) "Adverse Personnel Actions"
   12) "Bar referral"
   13) "Professional responsibility"

16

In an effort to accommodate DOJ and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of its request to emails <u>sent</u> by the specified officials. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both Attorney General Bondi's response to an email containing a key term and the initial received message are responsive to this request and should be produced.

2. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, all handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (a) the DOJ officials identified in part 1 and (b) anyone in the White House Office (including email address communications with email addresses ending in @who.eop.gov and phone logs reflecting calls with numbers beginning (202) 456-xxxx), and (c) containing any of the key terms identified below:

<u>Key Terms</u>
1) "social media"
2) Loyal*
3) Weaponiz*
4) Democrat
5) Leftist
6) "political leaning"
7) "political ideology"
8) woke
9) wokism
10) radical
11) "deep state"
12) "inside job"
13) "election stolen"
14) "stolen election"
15) "2020 election"
16) "America First"
17) "political contribution"
18) "political donation"
19) "campaign contribution"
20) "campaign donation"
21) "MAGA"
22) "campaign message"

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "loyal*" would return all of the following: loyal, loyalty, loyalist, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

**For both parts of this request, please provide all responsive records from January 20, 2025, through the date the search is conducted.**

61.    On March 10, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2025-03157. OIP also stated that American Oversight's request fell within "unusual circumstances," and said the agency would need the 10 additional days provided by statute to respond.

62.    As of the date of this filing, American Oversight has not received any further communication from DOJ regarding this FOIA request.

*White House/DOGE Communications Request*

63.    On March 31, 2025, American Oversight submitted a FOIA request to OIP (internal tracking number DOJ-25-0802) seeking the following records:

1.    All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>between</u> any of the officials listed below, and/or anyone communicating on their behalf, such as a chief of staff, secretary, assistant, adviser, or scheduler, <u>and</u> (b) anyone in the White House Office (including anyone communicating from an email address ending in @who.eop.gov).

<u>Department of Justice Officials</u>:
i.    Pam Bondi, Attorney General
ii.    Todd Blanche, Deputy Attorney General
iii.    Emil Bove, Principal Associate Deputy Attorney General
iv.    James McHenry, Associate Deputy Attorney General
v.    Chad Mizelle, Chief of Staff
vi.    Yaakov Roth, Acting Assistant Attorney General
vii.    Jolene Ann Lauria, Assistant Attorney General
viii.    Drew Ensign, Deputy Assistant Attorney General
ix.    August Flentje, Acting Director

18

    x.      Erez Reuveni, Assistant Director
    xi.     Brian Ward, Acting Assistant Director
    xii.    Sean Day, Counselor to the Attorney General
    xiii.   Vetan Kapoor, Counselor to the Deputy Attorney General
    xiv.   Anyone serving as Senior Advisor

2.   All text messages (including complete text message threads or conversations) or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, or Parler) <u>between</u> (a) any of the officials listed above in part 1 of this request <u>and</u> (b) anyone communicating from the White House Office.

3.   All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>between</u> any of the officials listed above in part 1, and/or anyone communicating on their behalf, such as a chief of staff, secretary, assistant, adviser, or scheduler, <u>and</u> anyone from the U.S. DOGE Service, including, but not limited to, emails from email addresses ending in @DOGE.gov or @doge.eop.gov and emails from <u>erm71@who.eop.gov</u>.

**For all parts of this request, please provide all responsive records from March 14, 2025, through March 21, 2025.**

64.    American Oversight asked that this request be processed on an expedited basis, and its request included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. Part 16.

65.    On April 2, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2025-03568. OIP also denied expedited processing. OIP stated that American Oversight's request fell within "unusual circumstances," and said the agency would need the 10 additional days provided by statute to respond.

66.    As of the date of this filing, American Oversight has not received any further communication from DOJ regarding this FOIA request.

*Alien Enemies Act Request*

67.    On March 31, 2025, American Oversight submitted a FOIA request to OIP (internal

tracking number DOJ-25-0808) seeking the following records:

> 1.    All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> any of the Department of Justice (DOJ) officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or chief of staff, <u>and</u> containing any of the key terms listed below.
>
> <u>Department of Justice Officials</u>:
> i.      Pam Bondi, Attorney General
> ii.     Todd Blanche, Deputy Attorney General
> iii.    Emil Bove, Principal Associate Deputy Attorney General
> iv.     Chad Mizelle, Chief of Staff
> v.      Yaakov Roth, Acting Assistant Attorney General
> vi.     Drew Ensign, Deputy Assistant Attorney General
> vii.    August Flentje, Acting Director
> viii.   Erez Reuveni, Assistant Director
> ix.     Brian Ward, Acting Assistant Director
> x.      Anyone serving as Senior Advisor
>
> <u>Key Terms</u>:
> a.      "alien enemies"
> b.      "alien enemy"
> c.      AEA
> d.      "50 U.S.C. 21"
> e.      "50 USC 21"
> f.      Boasberg
> g.      TdA
> h.      "Tren de Aragua"
> i.      Venezuela
> j.      Venezuelan
> k.      Boasberg
> l.      "restraining order"
> m.      "restraining orders"
> n.      TRO
> o.      JGG
> p.      J.G.G.
> q.      CECOT
> r.      TCC
> s.      "Terrorism Confinement Center"

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of this request to emails <u>sent</u> by the specified individuals. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both an individual's response to an email and the initial received message are responsive to this request and should be produced.

2. All formal or informal final directives (including informal email communications), guidance, protocol, or policies created by, issued to, or otherwise provided to DOJ regarding the Alien Enemies Act or the Proclamation "Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua."

3. Records reflecting any final legal advice or analysis (including both formal legal analyses or memoranda, as well as informal electronic communications) prepared by the Office of Legal Counsel regarding the Alien Enemies Act.

**For all parts of this request, please provide all responsive records from March 1, 2025, through the date the search is conducted.**

68.    On April 24, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2025-03569. OIP stated that American Oversight's request fell within "unusual circumstances," and said the agency would need the 10 additional days provided by statute to respond.

69.    On July 3, 2025, American Oversight asked that this request be processed on an expedited basis, and its request included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. Part 16.

70.    As of the date of this filing, American Oversight has not received any further communication from DOJ regarding this FOIA request.

*Exhaustion of Administrative Remedies*

71.     As of the date of this Complaint, Defendant has failed to either (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

72.     Through Defendant's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has exhausted its administrative remedies and now seeks immediate judicial review.

<u>**COUNT I**</u>
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

73.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

74.     American Oversight properly requested records within the possession, custody, and control of Defendant.

75.     Defendant is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records.

76.     Defendant has failed to promptly and adequately search for records responsive to American Oversight's FOIA requests.

77.     Defendant's failure to conduct adequate searches for responsive records violates FOIA.

78.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

79.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

80.    American Oversight properly requested records within the possession, custody, and control of Defendant.

81.    Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

82.    Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

83.    Defendant's failure to provide all non-exempt responsive records violates FOIA.

84.    Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated:  July 10, 2025                                  Respectfully submitted,

                                                      */s/ Emma Lewis*
                                                      Emma Lewis
                                                      D.C. Bar No. 144574
                                                      Elizabeth Haddix
                                                      D.C. Bar No. 90019750
                                                      AMERICAN OVERSIGHT
                                                      1030 15th Street NW, B255
                                                      Washington, DC 20005
                                                      (202) 919-6303
                                                      emma.lewis@americanoversight.org

                                                      *Counsel for Plaintiff*